SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 205-6560
cm@SoCalEAG.com

Attorneys for Plaintiff
ROBERT CAULEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAULEY,<br><br>    Plaintiff,<br><br>vs.<br><br>HALO AUTO SERVICE LLC; MANUEL DELGADO, AS TRUSTEE OF THE MANUEL DELGADO ROMAN AND MARISOL LOPEZ LIVING TRUST; and DOES 1 to 10,<br><br>    Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATIONS OF<br><br>1. AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;<br><br>2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT;<br><br>3. CALIFORNIA'S DISABLED PERSONS ACT;<br><br>4. CALIFORNIA HEALTH & SAFETY CODE;<br><br>5. NEGLIGENCE |

Plaintiff ROBERT CAULEY ("Plaintiff") complains of Defendants HALO AUTO SERVICE LLC; MANUEL DELGADO, AS TRUSTEE OF THE MANUEL DELGADO ROMAN AND MARISOL LOPEZ LIVING TRUST; and DOES 1 to 10 ("Defendants") and alleges as follows:

//

COMPLAINT - 1

# PARTIES

1. Plaintiff is a California resident with a physical disability. Plaintiff suffers from paraplegia and is substantially limited in his ability to walk. Plaintiff requires the use of a wheelchair at all times when traveling in public.

2. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for an auto repair shop ("Business") located at or about 9800 Main St., Los Angeles, California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

4. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing the things alleged herein was acting with the knowledge and consent of the other Defendants and within the course and scope of such agency or employment relationship.

5. Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

# JURISDICTION AND VENUE

6. The Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and 1343 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq*.).

7. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

8. Plaintiff's claims are authorized by 28 USC §§ 2201 and 2202.

9. Venue is proper in this court pursuant to 28 USC §1391(b).  Defendants reside in this district, Eastern Division, California.

## FACTUAL ALLEGATIONS

10. In or about December of 2024, Plaintiff went to the Business.

11. The Business is an auto repair shop business establishment, open to the public, and is a place of public accommodation that affects commerce through its operation.

12. While attempting to enter the Business during each visit, Plaintiff personally encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business.

13. To the extent of Plaintiff's personal knowledge, the barriers at the Business included, but were not limited to, the following:

    a. Defendants failed to maintain accessibility for persons with disabilities to comply with the federal and state standards.  Defendants failed to provide at least one accessible entrance as required as the entrance had a step instead of a proper ramp.

14. These barriers and conditions denied Plaintiff the full and equal access to the Business and caused Plaintiff difficulty and frustration. Plaintiff wishes to return and patronize the Business; however, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed.

15. Based on the violations, Plaintiff alleges, on information and belief, that there are additional barriers to accessibility at the Business after further site inspection.

Plaintiff seeks to have all barriers related to his disability remedied. *See Doran v. 7-Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

16. In addition, Plaintiff alleges, on information and belief, that Defendants knew that particular barriers render the Business inaccessible, violate state and federal law, and interfere with access for the physically disabled.

17. At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations. Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

18. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

19. Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation. *See* 42 U.S.C. § 12182(a).

20. Discrimination, *inter alia*, includes:

    a. A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.    A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

      c.    A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

      d.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope. 42 U.S.C. § 12183(a)(2).

21.    At least one accessible route shall connect accessible building, facilities, elements, and spaces that are on the same site. 1991 ADA Standards § 4.3.2. A public

accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).

22. Here, Defendants failed to provide at least one accessible entrance to the Business as the entrance had a step instead of a proper ramp.

23. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).

24. By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

25. The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

26. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

27. California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

28. California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable

for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

29. California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

30. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

31. The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment. The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

32. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

33. California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the

general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

34. California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

35. California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

36. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

37. The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION

**CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.**

38. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

39. Plaintiff and other similar physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each

such facility is in compliance with the provisions of California Health & Safety Code § 19955 et seq.  Plaintiff is a member of the public whose rights are protected by the provisions of California Health & Safety Code § 19955 et seq.

40.   The purpose of California Health & Safety Code § 1995 et seq. is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code.  The code relating to such public accommodations also require that "when sanitary facilities are made available for the public, clients, or employees in these stations, centers, or buildings, they shall be made available for persons with disabilities.

41.   Title II of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods (or use), services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).  Further, each and every violation of the ADA also constitutes a separate and distinct violation of California Civil Code §§ 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 54.3 and Business and Professions Code § 17200, et seq.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

42.   Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

43.   Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

44.   Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

45. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1. For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2. Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3. Award of all reasonable restitution for Defendants' unfair competition practices;

4. Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5. Prejudgment interest pursuant to California Civil Code § 3291; and

6. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 7, 2025          SO. CAL. EQUAL ACCESS GROUP


By:   /s/ Jason J. Kim_____
      Jason J. Kim, Esq.
      Attorneys for Plaintiff